**FILED**
JAMES J. VILT, JR. - CLERK

DEC 1 8 2024

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CRIMINAL ACTION NO. 1:23-CR-00008-GNS-1

UNITED STATES OF AMERICA                                        PLAINTIFF

v.

PORTIER Q. GOVAN                                               DEFENDANT

<u>**JURY INSTRUCTIONS – COUNTS 1, 2, 3, AND 5**</u>

\* \* \* \* \* \* \* \* \*

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.  I will start by explaining your duties and the general rules that apply in every criminal case.  Then I will explain the elements, or parts, of the crimes that the defendant is accused of committing.  Then I will explain some rules that you must use in evaluating particular testimony and evidence.  And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

## I.    <u>GENERAL RULES CONCERNING JURY DUTY</u>

### A.    <u>Juror's Duties</u>

You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.  It is my job to instruct

1

you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers may talk about the law during their arguments. But if what they say is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

### B. Presumption of Innocence, Burden of Proof, & Reasonable Doubt

As you know, the defendant has pleaded not guilty to the crimes charged in the Superseding Indictment. The Superseding Indictment is not any evidence at all of guilt. It is just the formal way that the government tells the defendant what crimes he is accused of committing. It does not even raise any suspicion of guilt.

Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with his unless the government presents evidence here in court that overcomes the presumption and convinces you beyond a reasonable doubt that the defendant is guilty.

This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that the defendant is innocent. It is up to the government to prove that the defendant is guilty, and this burden stays on the government from start to finish. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt the defendant is guilty.

*G.S.*

The government must prove every element of the crimes charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved a defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

### C.    Evidence Defined

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the stipulations that the lawyers agreed to; and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. You must completely ignore these things. Do not even think about them. Do not speculate about what a witness might have said. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

3

6.5.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

### D.    Stipulations

The government and the defendant have agreed, or stipulated, to certain facts. Therefore, you must accept the following stipulated facts as proved:

1.    Exhibits 3a-f, and 12a, b, c, d, f, g, and j are fair and accurate depictions of materials found on the defendant's phone.

2.    The Wal-Mart video (Exhibits 10a-e) is a fair and accurate depiction of surveillance video recorded at the Wal-Mart in Bowling Green, Kentucky, on August 10, 2022.

3.    The Ramada Inn video (Exhibits 9.1-9.30) is a fair and accurate depiction of surveillance video recorded at the Ramada Inn hotel in Bowling Green between August 8 and 11, 2022.

### E.    Consideration of Evidence

You are to consider only the evidence in the case. You should use your common sense in weighing the evidence. Consider the evidence in light of your everyday experience with people and events and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences, unless otherwise instructed. Any inferences you make must be reasonable and must be based on the evidence in the case. The existence of an inference does not change or shift the burden of proof from the government to the defendant.

4

**F.    Single Defendant Charged with Multiple Crimes**

The defendant has been charged with several crimes.  The number of charges is no evidence of guilt, and this should not influence your decision in any way.  It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one.  For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

**G.    Use of the Word "And" in the Superseding Indictment**

Although the Superseding Indictment charges that the statute was violated by acts that are connected by the word "and," it is sufficient if the evidence establishes a violation of the statute by any one of the acts charged.  Of course, this must be proved beyond a reasonable doubt.

**H.    Direct and Circumstantial Evidence**

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

G.S.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## I.    Credibility of Witnesses

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

1.    Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

2.    Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

3.    Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

4.    Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

5.    Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying

6

G.S.

that might cause the witness to lie or to slant the testimony in favor of one side or the other.

6.    Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying.  If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable.    Sometimes it may; other times it may not.    Consider whether the inconsistency was about something important, or about some unimportant detail.  Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

7.    And ask yourself how believable the witness's testimony was in light of all the other evidence.  Was the witness's testimony supported or contradicted by other evidence that you found believable?  If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

8.    You have heard the testimony of law enforcement officers.  The fact that a witness is employed as a law enforcement officer does not mean that his testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness.  You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

These are only some of the things that you may consider in deciding how believable each witness was.  You may also consider other things that you think shed some light on the witness's

G.S.

believability.  Use your common sense and your everyday experience in dealing with other people.  And then decide what testimony you believe, and how much weight you think it deserves.

As I instructed you during the trial, the Court made the determination that a witness would be permitted to testify using a pseudonym rather than her true name.  You should not consider the use of a pseudonym in evaluating the credibility of this witness.

### J.    Lawyers' Objections

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crimes charged.

The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about the case.  Remember that your decision must be based only on the evidence that you saw and heard here in court.

## II.    RULES OF LAW

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case.  In a moment, I will explain the elements of the crimes that the defendant is accused of committing.

*G.S.*

But before I do that, I want to emphasize that the defendant is only on trial for the particular crimes charged in the Superseding Indictment. Your job is limited to deciding whether the government has proved the crimes charged.

Also keep in mind that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved this defendant guilty. Do not let the possible guilt of others influence your decision in any way.

### A.    Summary of Charge

(1)    The defendant in this case, Portier Govan, is formally charged in the Superseding Indictment. As I instructed you at the outset of this case, the Superseding Indictment is a charge or accusation. It is not evidence.

(2)    I will give you a copy of the Superseding Indictment to have in the jury room.

(3)    As to this first part of the trial, the Superseding Indictment contains multiple counts against Portier Govan. In your deliberations and in reaching your verdict, you must consider whether the defendant is guilty of the crimes charged in Count 1, 2, 3, and 5 of the Superseding Indictment.

(4)    Next, I want to say a word about the dates mentioned in the Superseding Indictment and in the verdict form. The Superseding Indictment charges that this crime happened "on or about" certain dates. The government does not have to prove that the crime happened on those exact dates. But the government must prove that the crime happened reasonably close to those dates.

(5)    Now, some of the people who may have been involved in these events are not on trial. This does not matter.

9

G.S.

(6)     I am now going to discuss each of the charges in the Superseding Indictment in more detail.

**B.     Count 1 – Conspiracy to Commit Sex Trafficking**

(1)     Count 1 of the Superseding Indictment accuses Portier Govan of a conspiracy to commit the crime of sex trafficking in violation of federal law.  It is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal.

(2)     A conspiracy is a kind of criminal partnership.  For you to find any the defendant guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

(A)     First, that two or more persons conspired, or agreed, to commit the crime of sex trafficking.

(B)     Second, that the defendant knew of the conspiracy and its objects.

(C)     Third, that the defendant joined the conspiracy with the intent that at least one of conspirators engage in conduct that satisfies the elements of sex trafficking.

**C.     Agreement**

(1)     With regard to the first element—a criminal agreement—of Count 1, the government must prove that two or more persons conspired, or agreed, to cooperate with each other to commit the crime of sex trafficking.

(2)     This does not require proof of any formal agreement, written or spoken.  Nor does this require proof that everyone involved agreed on all the details.  But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement.  These are things that you may consider

10

*G.S.*

in deciding whether the government has proved an agreement. But without more they are not enough.

(3)     What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the crime of sex trafficking. This is essential.

(4)     An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

D.     **Defendant's Connection to the Conspiracy**

(1)     As to Count 1, proof of conspiracy does not require that a defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that a defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

(2)     But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy. But without more they are not enough.

(3)     A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew of the conspiracy and its objects. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

11

*G.S.*

**E.    Unindicted, Unnamed, or Separately Tried Co-Conspirators**

Now, some of the people who may have been involved in these events are not on trial. This does not matter.  There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

**F.    Venue**

(1)    Now, some of the events that you have heard about happened in other places. There is no requirement that the entire conspiracy take place here in the Western District of Kentucky.  But for you to return a guilty verdict on the conspiracy charge, the government must convince you that either the agreement, or one of the acts in furtherance took place here in Western District of Kentucky.

(2)    Unlike all the other elements of Count 1 that I have described, this is just a fact that the government only has to prove by a preponderance of the evidence.  This means the government only has to convince you that it is more likely than not that part of the conspiracy took place here.

(3)    Remember that all the other elements I have described must be proved beyond a reasonable doubt.

**G.    Count 2 – Sex Trafficking by Force, Fraud, and Coercion**

(1)    Count 2 of the Superseding Indictment charges Portier Govan with sex trafficking by force, threats of force, fraud, coercion, or any combination of such means.  For you to find the defendant guilty of this offense, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A)    First, that the defendant knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained C.C.

G.S.

(B)    Second, that the defendant knew or recklessly disregarded the fact force, threats of force, fraud, coercion, or combination of such means would be used to cause C.C. to engage in a commercial sex act.

(C)    Third, that the offense was in affected interstate or foreign commerce.

(2)    Now I will give you more detailed instructions on some of these terms.

(A)    The term "coercion" means:

(i)    threats of harm to or physical restraint against any person; or

(ii)    any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person.

(B)    The term "serious harm" means any harm, whether physical or nonphysical, including psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing commercial sexual activity in order to avoid incurring that harm.

(C)    The term "commercial sex act" means any sex act, on account of which anything of value is given to or received by any person.

(D)    The phrase "the offense was in interstate or foreign commerce" means that the offense involved the crossing of a state or national line.

(E)    The phrase "the offense affected interstate commerce" means that the prohibited recruiting, enticing, harboring, transporting, providing, obtaining, or maintaining of C.C. had at least a minimal connection with interstate commerce. This

G.S.

means that the recruiting, enticing, harboring, transporting, providing, obtaining, or maintaining of C.C. had some effect upon interstate commerce.

(F)    The phrase "interstate commerce" means commerce between any combination of states, territories, and possessions of the United States, including the District of Columbia. The term "commerce" includes, among other things, travel, trade, transportation, and communication.

(3)    To establish that the offense was in or affected interstate commerce, the government need not prove that C.C. was transported across a state line.

(4)    If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

**H.    Aiding and Abetting**

(1)    For you to find Portier Govan guilty of sex trafficking in Count 2, it is not necessary for you to find that he personally committed the crime. You may also find him guilty if he intentionally helped or encouraged someone else to commit the crime. A person who does this is called an aider and abettor.

(2)    But for you to find Portier Govan guilty of as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A)    First, that the crime of sex trafficking was committed.

(B)    Second, that the defendant helped to commit the crime or encouraged someone else to commit the crime.

(C)    And third, that the defendant intended to help commit or encourage the crime.

14

(3)     Proof that the defendant may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty.  You can consider this in deciding whether the government has proved that he was an aider and abettor, but without more it is not enough.

(4)     What the government must prove is that the defendant did something to help or encourage the crime with the intent that the crime be committed.

(5)     If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you cannot find the defendant guilty of sex trafficking as an aider and abettor.

I.      **Count 3 - Sex Trafficking Obstruction**

(1)     Count 3 of the Superseding Indictment charges Portier Govan with sex trafficking obstruction.  For you to find the defendant guilty of this offense, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A)     First, that the defendant obstructed, or attempted to obstruct, or in any way interfered or with or prevented the enforcement of the crime of sex trafficking charged in Count 2.

(B)     Second, that the defendant acted knowingly.

(2)     Now I will give you more detailed instructions on some of these terms.

(A)     "Obstruct" means to be or come in the way of.

(B)     "Interferes" means to come between so as to be an impediment or to intrude in the affairs of others.

15

(C)    "Prevents" means to keep from happening or to keep someone from doing something.

(D)    An act is done "knowingly" if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

(E)    "Attempt" means to intend to obstruct the investigation or prosecution of an alleged violation of the sex trafficking statute, and did some overt step that was a substantial step towards obstructing the investigation or prosecution of that crime.

(3)    If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you cannot find the defendant guilty of sex trafficking obstruction.

### J.    Counts 2 and 3 – Attempt

(1)    Counts 2 and 3 of the Superseding Indictment alternatively accuse the defendant of attempting to commit the crimes of sex trafficking by force, fraud, or coercion, and sex trafficking obstruction, respectively, in violation of federal law.  For you to find the defendant guilty of the crime of attempt, you must be convinced that the government has proved both of the following elements beyond a reasonable doubt:

(A)    First, that the defendant intended to commit the crime alleged.

(B)    And second, that the defendant did some overt act that was a substantial step towards committing the crime alleged.

GS.

(2)    Merely preparing to commit a crime is not a substantial step. The defendant's conduct must go beyond mere preparation, and must strongly confirm that he intended to do the crime alleged. But the government does not have to prove that the defendant did everything except the last act necessary to complete the crimes. A substantial step beyond mere preparation is enough.

(3)    If you are convinced that the government has proved both of these elements as to the crime alleged, say so by returning a guilty verdict on these charges. If you have a reasonable doubt about either one of these elements, then you must find the defendant not guilty.

### K.    Count 5 – Interstate Transportation for Prostitution

(1)    Count 5 of the Superseding Indictment charges Portier Govan with interstate transportation for prostitution from Tennessee to Kentucky. For you to find the defendant guilty of this offense, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A)    First, that the defendant knowingly transported C.C. in interstate commerce.

(B)    Second, that at the time of such transportation, the defendant intended that C.C. so transported would engage in prostitution.

(2)    Now I will give you more detailed instructions on some of these terms.

(A)    "Prostitution" means knowingly engaging in or offering to engage in a sexual act in exchange for money or other valuable consideration.

(B)    The phrase "interstate commerce" means commerce between any combination of states, territories, and possessions of the United States, including the District of Columbia. The term "commerce" includes, among other things, travel, trade, transportation, and communication.

*G.S.*

(3)    To establish this element, it is not necessary for the government to prove that engaging in prostitution was the sole purpose for crossing the state line.

(4)    If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you cannot find the defendant guilty of interstate transportation for prostitution.

### L.    Other Acts of a Defendant

(1)    You have heard testimony that Defendant Portier Govan showed Brittany Howard two violent videos before August 8, 2022.  If you find the defendant did those acts, you can consider the evidence only as it relates to the government's claim on the defendant's intent, motive, and plan. You must not consider it for any other purpose.

(2)    Remember that the defendant is on trial here only for these crimes charged in the Superseding Indictment, not for the other acts.  Do not return a guilty verdict unless the government proves the crimes charged in the Superseding Indictment beyond a reasonable doubt.

### III.    RULES APPLICABLE TO TESTIMONY AND EVIDENCE

That concludes the part of my instructions explaining the elements of the crime.  Next, I will explain some rules that you must use in considering some of the testimony and evidence.

### A.    Defendant's Election Not to Testify

A defendant has an absolute right not to testify.  The fact that he did not testify cannot be considered by you in any way.  Do not even discuss it in your deliberations.

Remember that it is up to the government to prove Defendant Portier Govan guilty beyond a reasonable doubt.  It is not up to the defendant to prove that he is innocent.

G.S.

**B.**     **Testimony of Witness Under Grant of Immunity or Reduced Criminal Liability**

(1)     You have heard the testimony of Brittany Howard.  You have also heard that the government has promised her that it will consider requesting a reduction in her sentence in exchange for her cooperation.

(2)     It is permissible for the government to make such a promise.  But you should consider Brittany Howard's testimony with more caution than the testimony of other witnesses. Consider whether her testimony may have been influenced by the government's promise.

(3)     Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe her testimony beyond a reasonable doubt.

**C.**     **Testimony of an Accomplice**

(1)     You have heard the testimony of Brittany Howard.  You have also heard that she was involved in the same crime that the defendant is charged with committing.  You should consider Brittany Howard's testimony with more caution than the testimony of other witnesses.

(2)     Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe her testimony beyond a reasonable doubt.

(3)     The fact that Brittany Howard has pleaded guilty to a crime is not evidence that the defendant is guilty, and you cannot consider this against the defendant in any way.

**D.**     **Attempted Concealment of Evidence**

(1)     You have heard testimony that after the crime was supposed to have been committed, Defendant Portier Govan attempted to conceal evidence.

(2)     If you believe that the defendant attempted to conceal evidence, then you may consider this conduct, along with all the other evidence, in deciding whether the government has proved beyond a reasonable doubt that he committed the crimes charged in Counts 1, 2, and 5.

19

G.S.

This conduct may indicate that he thought he was guilty and was trying to avoid punishment. On the other hand, sometimes an innocent person may do these things for some other reason. The defendant has no obligation to prove that he had an innocent reason for his conduct.

### E.    Number of Witnesses

(1)    One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

(2)    Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

## IV.    JURY DELIBERATIONS

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions and will speak for you here in court.

Once you start deliberating, do not talk to the court security officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the court security officer. The court security officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

You will be given these instructions, the Superseding Indictment, and all of the exhibits introduced into evidence to take into the jury room with you.

G.S.

One more thing about messages.  Do not ever write down or tell anyone, including me, how you stand on your votes.  For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be.  That should stay secret until you are finished.

A.    **Experiments, Research, Investigation, and Outside Communications**

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media or application, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, LinkedIn, YouTube, Twitter (now known as X), Instagram, WhatsApp, Snapchat, or other similar electronic service, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors during deliberations.  I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom.  Information on the Internet or available through social media might be wrong, incomplete, or inaccurate.  Even using your smartphones, tablets, and computers—and the news and social media apps on those devices—may inadvertently expose you to certain notices, such as pop-ups or advertisements, that could influence your consideration of the matters you have

21

heard about in this courtroom.  You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have.  In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.  Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case.  This would unfairly and adversely impact the judicial process.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

**B.**     **Unanimous Verdict**

Your verdict, whether it is guilty or not guilty, must be unanimous as to each count.

To find a defendant guilty of a particular count, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty of a particular count, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous as to each count as to each defendant.

**C.**     **Duty to Deliberate**

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not

G.S.

hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that—your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

### D.  <u>Punishment</u>

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be. Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

### E.  <u>Verdict Form</u>

I have prepared a verdict form that you should use to record your verdict.

If you decide that the government has proved the charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proved the charge against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson should then sign the form, put the date on it, and return it to me.

**F.**     <u>Court Has No Opinion</u>

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

**G.**     <u>Juror Notes</u>

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

G.S.