FILED
JAMES J. VILT, JR. - CLERK

DEC 18 2024

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CRIMINAL ACTION NO. 1:23-CR-00008-GNS-1

UNITED STATES OF AMERICA                                             PLAINTIFF

V.

PORTIER Q. GOVAN                                                    DEFENDANT

## JURY INSTRUCTIONS – COUNT 6

\* \* \* \* \* \* \* \* \*

As to this second part of the trial, all the instructions I have previously given continue to apply and govern your actions. I will provide a copy of those prior instructions for your deliberation. These additional instructions simply apply to the consideration you will give to the discrete questions I will now describe.

**I.     RULES OF LAW**

**A.     Summary of Charge**

(1)     Defendant Portier Govan was formally charged with a fifth crime in the Superseding Indictment. As I instructed you previously, the Superseding Indictment is a charge or accusation. It is not evidence.

(2)     In your deliberations and in reaching your verdict, you must consider whether the defendant is guilty of the crime charged in Count 6 of the Superseding Indictment.

**B.     Count 6: Possession of Firearm by Convicted Felon**

(1)     Count 6 of the Superseding Indictment charges Defendant Portier Govan with being a convicted felon in possession of a firearm and ammunition. For you to find the defendant guilty

1

G.S.

of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(a) First: That the defendant has been convicted of a crime punishable by imprisonment for more than one year. The government and the defendant have agreed that the defendant had previously been convicted of a crime punishable by imprisonment for more than one year.

(b) Second: That the defendant, following his conviction, knowingly possessed a firearm and the ammunition specified in the Superseding Indictment.

(c) Third: That at the time the defendant possessed the firearm and the ammunition, he knew he had been convicted of a crime punishable by imprisonment for more than one year. The government and the defendant have agreed that on or about August 11, 2022, the defendant knew he had previously been convicted of a crime punishable by imprisonment for more than one year.

(d) Fourth: That the specified firearm and ammunition crossed a state line prior to the alleged possession. It is sufficient for this element to show that the firearm and ammunition were manufactured in a state other than Kentucky. The government and the defendant have agreed that the firearm and ammunition listed in the indictment were manufactured in a state other than Kentucky.

(2) Now I will give you more detailed instructions on some of these elements.

(a) To establish actual possession, the government must prove that the defendant had direct, physical control over the firearm or ammunition, and knew that he had control of it.

*G.S.*

(b)     To establish constructive possession, the government must prove that the defendant had the right to exercise physical control over the firearm or ammunition, and knew that he had this right, and that he intended to exercise physical control over firearm at some time, either directly or through other persons. For example, if you left something with a friend intending to come back later and pick it up or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

(c)     But understand that just being present where something is located does not equal possession. The government must prove that the defendant had actual or constructive possession of the firearm or ammunition, and knew that he did, for you to find him guilty of this crime. This, of course, is all for you to decide.

(d)     The defendant does not have to own the firearm or ammunition in order to possess the firearm or ammunition.

(e)     The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The term firearm also means the frame or receiver of any such weapon, any firearm muffler or firearm silencer, or any destructive device. The term firearm does not include an antique firearm. The term firearm includes starter guns.

(f)     The term "ammunition" means ammunition or cartridge cases, primers, bullets, or propellant powder designed for use in any firearm.

(g)     The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

(h)     One more thing about possession. The government does not have to prove that the defendant was the only one who had possession of the firearm or ammunition. Two or more people can together share actual or constructive possession over property. And if they do, both are considered to have possession as far as the law is concerned.

(i)     But remember that just being present with others who had possession is not enough to convict. The government must prove that the defendant had either actual or constructive possession of the firearm or ammunition, and knew that he did, for you to find him guilty of this crime. This, again, is all for you to decide.

(3)     If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

C.     **Single Defendant Charged with Multiple Crimes**

(1)     The defendant has been charged with several crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

(2)     Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

D. **Stipulations**

The government and the defendant have agreed, or stipulated, to certain facts. In addition to the stipulated facts in the earlier instructions, you must accept the following stipulated facts as proved:

    (a) [*G.S.*] The defendant had previously been convicted of a crime punishable by imprisonment for more than one year.

    (b) At all relevant times in the Superseding Indictment, the defendant knew that he previously had been convicted of a crime punishable by imprisonment for more than one year.

    (c) The firearms and ammunition listed in the Superseding Indictment were manufactured outside the state of Kentucky.

E. **Unanimous Verdict**

(1) Your verdict, whether it is guilty or not guilty, must be unanimous as to Count 6.

(2) To find the defendant guilty of this count, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

(3) To find the defendant not guilty of a particular count, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

(4) Either way, guilty or not guilty, your verdict must be unanimous as to Count 6.

*G.S.*

E.  **Verdict Form**

(1)  I have prepared a verdict form that you should use to record your verdict on Count 6.

(2)  If you decide that the government has proved the charge in Count 6 against Defendant Portier Govan beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proved the charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson should then sign the form, put the date on it, and return it to me.

G.S.